ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY *v.* NEAL.

Opinion delivered June 24, 1899.

1. CARRIER—FAILURE TO CARRY PASSENGER TO DESTINATION—DAMAGES.— A passenger who boards a freight train and surrenders a ticket entitling him to be carried to a certain station is entitled to recover his damages when he is discharged from the train a mile before reaching such station, as the carrier is bound at least to discharge him in the station yard at a place not unreasonably distant from the platform. (Page 544.)

2. SAME—ATTORNEY'S FEE.—A passenger recovering damages from a carrier for failure to discharge him at the station of his destination is entitled (under Sand. & H. Dig. § 6281) to recover a reasonable attorney's fee, to be taxed as part of the costs. (Page 544.)

Appeal from Crawford Circuit Court.

JEPTHA H. EVANS, Judge.

STATEMENT BY THE COURT.

The evidence in this case shows that the appellee, a citizen of the city of Van Buren, bought a ticket from the appellant at Van Buren, which entitled him to be carried thence on a local freight train of the appellant to the city of Fort Smith, and the train carried him to within about one mile of the station at Fort Smith and stopped; and that, after waiting some ten minutes, the appellee inquired of the employees on the train if the train would carry him to the station at Fort Smith, and was informed that it would not, and that, if he was waiting for that, he had as well go on; that it was dark, and the appellee got out of the car, and walked on toward town, and met a street car, which he boarded, and went up town paying

street car fare of five cents.    That appellee paid fifteen cents for his ticket from Van Buren to Fort Smith.

The appellee recovered a judgment for ten dollars damages, and on his motion the court assessed an attorney's fee of ten dollars against the appellant as costs.    The railroad company excepted, and appealed to this court.

*L. F. Parker* and *B. R. Davidson*, for appellant.

It was appellee's duty to have informed himself as to where the train would stop.    47 Ark. 74; 45 Ark. 256, 263; 71 Pa. St. 432; 11 Tenn. 533; 38 Kas. 608.    It was not necessary for appellant to show actual notice to appellee of the rule.    11 Neb. 177; 38 Ga. 410.    A railway company is under no obligations to deliver one who rides on a freight train at a passenger station.    144 Ill. 261, 270; 7 So. 344; 53 Mo. App. 462.    It was error to tax the attorney's fee as costs.    21 Ark. 431; 37 Ark. 605; 36 Ark. 191; 42 Ark. 97; 49 Ark. 492.

HUGHES, J., (after stating the facts.)    The appellant contends that, unless it appears from the evidence that it was the custom of freight trains on that road to receive and discharge passengers at the platform of the passenger depot, it should not be required of them.    Conceding this to be true, it does not follow that appellant was not bound by its undertaking at least to discharge the passenger in the yard of the station, at a place not unreasonably distant from the platform at the station. This, we think, the contract of carriage obliged it to do.    Of course, there is always incident to travel on a freight train the delays of frequent stopping and switching, for which they are not liable to passengers.    But in this case the appellee was informed by the employees of the company that they would not pull up to the station, and that, if that was what he was waiting for, he had as well go on.    Section 6284 Sandels & Hill's Digest, provides:    "Local freight trains on all railroads or railways in this state shall carry passengers from and to any and all of their stations."    A railroad station is a place where passengers are received upon and discharged from railroad trains.

It is contended that the court erred in assessing an attorney's fee of ten dollars, as costs against it.    But we think otherwise.    The statute covers this contention, in express terms.

Section 6281 of Sandels & Hill's Digest provides: "In all actions at law or suits in equity against any railroad company, its assignees, lessees, or other person or persons operating any railroad in this state partly therein, for the violation of any law regulating the transportation of freight or passengers by any such railroad, if the plaintiff recover in any such action or suit, he shall also recover a reasonable attorney's fee, to be taxed as a part of the costs, and collected as other costs are or may be by law collected." (Act of April 4, 1887.)

Finding no error, the judgment is affirmed.

BUNN, C. J., and BATTLE, J., did not participate.

---

NOTE.—As to the constitutionality of statutes giving attorney's fees in such cases as this, see *Gulf, Colorado & Sante Fe Railway Co.* v. *Ellis*, 165 U. S. 162–3.—REPORTER.