DANIEL *v.* DOYLE.

## Opinion delivered June 10, 1918.

1. CARRIERS—STATION DEFINED.—A railroad "station" is a place at which both freight and passengers are received for transportation or are delivered after transportation, and includes a flag station.

2. HIGHWAYS—ESTABLISHMENT—CONSTRUCTION OF ORDER.—Where the county court ordered a road to be opened to the north side of a railroad track and thence to a nearby flag station of the railroad, the fact that passengers were received at a platform on the south side of the track and only freight on the north side was immaterial, and it was error to enjoin the road overseer from opening up the road on the north side of the track.

Appeal from Boone Chancery Court, *Ben F. McMahan,* Chancellor; reversed.

*Shouse & Rowland* and *Guy L. Trimble,* for appellant.

1. Equity cases are tried anew in this court and plaintiff has failed in his proof that defendant was laying out a road contrary to the order of the county court. 96 Ark. 434.

2. The order is not void for uncertainty. 102 Ark. 558. The presumption is that the order is valid. Technical accuracy is not necessary in the description of a road. 37 Cyc. 75, 121.

3. "Station" is a place where passengers or freight are received and discharged. 29 Atl. 157; 66 Ark. 544; 7 Words & Phrases, "Station." The order is sufficiently definite and certain.

*J. M. Shinn,* for appellee; *Oscar W. Hudgins,* of counsel.

1. The findings of a chancellor will not be disturbed on appeal unless against the clear preponderance of the evidence. 105 Ark. 460; 112 *Id.* 333.

2. The order is indefinite and uncertain. The station is on the south side of the railroad and appellant was seeking to open a road not in accordance with the order of the county court. There was no station building at Capps and no station there. 29 Atl. 157; 66 Ark. 544. The appellant was not following the order of the court.

*Whitney* v. *Mixon*, 132 Ark. 24. The overseer was a mere trespasser. The lands were enclosed and in cultivation. The testimony shows damages and none were allowed.

### STATEMENT OF FACTS.

J. H. Doyle brought this suit in equity against D. E. Daniel to restrain the latter as road overseer from opening up a road on the lands of the former. The defense of Daniel was that he was opening up a road in compliance with the orders of the county court. In 1911, the county court appointed viewers to view and survey a proposed county road and so much of the description of the road as is applicable to the issue raised by the appeal in this case is as follows:

"Thence north about 300 yards to the north side of the right of way of the M. & N. A. R. R., thence in a westerly direction to the station of the M. & N. A. R. R."

The court approved the report made by the viewers and ordered that the road as described in the report be declared to be a public highway and the road overseer of the district through which said road passed was ordered to open it up to a width of 30 feet. The road as established was an extension of the Hill Top and Capps road. Just west of where the proposed road crossed the railroad there was a flag station called Capps. There was no depot or other building there. On the north side of the railroad was a platform where freight was unloaded. On the south side of the railroad at that point passengers were received upon and discharged from the trains and express packages were also loaded and unloaded there. After the order the platform on the north side of the railroad was torn away and a side track was constructed, on which freight cars were stored while they were being loaded or unloaded. A cinder platform was constructed on the south side of the road for the use of passengers and to load and unload express packages. The railroad fenced its right of way at this point and by agreement with the plaintiff discontinued the road on the north side

of the railroad and established one on the south side of the railroad leading to the flag station. A gate was erected for the use of those going to and from the station. Wagons would cross over at the station on the north side for the purpose of unloading freight from freight cars stored there. In the spring of 1917, the county court ordered the road overseer of the district to open up the road on the north side of the railroad in accordance with the order made in 1911, so that when the fruit season opened people could reach the cars on the siding on the north side of the railroad. The road overseer commenced the work in compliance with the order of the county judge and the plaintiff forbade him from going on to his land and executing said order. He secured a temporary injunction restraining the road overseer from opening up a road on the north side of the railroad either on the right of way of the railroad company or upon the land of the plaintiff adjacent thereto on the north. On final hearing it was decreed that the injunction should be dissolved so far as the right of way of the railroad company was concerned, but the injunction was made perpetual as to the lands of the plaintiff lying adjacent to and north of the right of way of the railroad. The case is here on appeal.

HART, J., (after stating the facts). The record shows that the railroad runs east and west at the place where the public road crosses the railroad and that the station is west of the crossing. The order of the county court establishing the road concludes the description of the road as follows:

"Thence north about 300 yards to the north side of the right of way of the M. & N. A. Railroad; thence in a westerly direction to the station of the M. & N. A. Railroad." The record shows that the first clause carried the public road across the railroad. It also shows that the flag station of Capps is a short distance west of the crossing. At the time the county court made the order approving the report of the viewers and establishing the public road passen-

gers were received upon and discharged from the trains on the south side of the railroad at Capps. Hence it is insisted that the order of the county court established the road on the south side of the railroad from the crossing to the station. It is true that the court in *St. Louis & San Francisco Ry. Co.* v. *Neal*, 66 Ark. 543, said that a railroad station is a place where passengers are received upon and discharged from railroad trains; but the court was speaking with reference to our statute requiring local freight trains to carry passengers from and to all its stations. In its broad sense and in its common signification, a station is a place at which both freight and passengers are received for transportation or are delivered after transportation and includes a flag station. Inasmuch as the first clause of that part of the order quoted carried the public road across the railroad to the north side of the right of way, we think the last clause of the description meant to locate the road on the land north of and adjacent to the right of way of the railroad from the crossing to the station, and that the word station means the place where freight is loaded upon and unloaded from the cars. This point was as much a part of the station as the point on the south side where passengers were received and discharged. Otherwise we must hold that the court intended the road to recross the railroad in order to construct the public road on the south side thereof; for as we have already seen the first clause takes the public road across the railroad to the north side of the right of way. Therefore, we think that the last clause means in a westerly direction from the north side of the right of way at the crossing to the place on the north side of the railroad where freight was received and delivered.

It follows that the court erred in granting the injunction. Therefore, the decree will be reversed and the cause remanded with directions to the chancery court to dismiss the complaint of the plaintiff for want of equity.